An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
RYAN R. WEST, BAR NO. 8721.

No. 62100

**FILED**

AUG 0 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER IMPOSING RECIPROCAL DISCIPLINE*

This is a petition under SCR 114 for reciprocal discipline of attorney Ryan R. West, based on his public reprimand in Utah. West did not self-report his Utah discipline as required by SCR 114(1), and he has not responded to the petition. *See* SCR 114(3).[1]

West was publicly reprimanded by the Ethics and Discipline Committee of the Utah Supreme Court on June 28, 2012, for failing to provide competent representation to his client, failing to communicate adequately with his client and to keep the client informed about developments, charging an unreasonable fee given his lack of experience in tax cases, and violating the Utah Rules of Professional Conduct (RPC). In so doing, West was found to have violated Utah RPC 1.1, equivalent to

_____

[1]West has been suspended from the practice of law in Nevada since August 2013 for failing to pay his State Bar membership fees, *see* SCR 98(9)-(12), and for failing to complete his continuing legal education requirements, *see* SCR 212(5).

14-25242

Nevada RPC 1.1 (competence); Utah RPC 1.4, equivalent to Nevada RPC 1.4 (communication); Utah RPC 1.5, equivalent to Nevada RPC 1.5 (fees); and Utah RPC 8.4, equivalent to Nevada RPC 8.4 (misconduct). No aggravating or mitigating circumstances were mentioned.

SCR 114(4) provides that this court shall impose identical reciprocal discipline unless the attorney demonstrates or this court finds that at least one of four factors is present: (1) the procedure in the other jurisdiction denied the attorney due process; (2) there was such an infirmity of proof of the misconduct in the other jurisdiction that this court cannot accept the other court's decision; (3) substantially different discipline is warranted in this state; or (4) the established misconduct does not constitute misconduct under the rules of this state. Discipline elsewhere is res judicata, as SCR 114(5) provides that "[i]n all other respects, a final adjudication in another jurisdiction that an attorney has engaged in misconduct conclusively establishes the misconduct for the purposes of a disciplinary proceeding in this state."

We are not persuaded that any of the exceptions apply to this case. We therefore grant the petition for reciprocal discipline. Ryan R.

West is hereby publicly reprimanded. The State Bar shall comply with the requirements of SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                    Hardesty

_____, J.          _____, J.
Parraguirre                  Douglas

_____, J.          _____, J.
Cherry                       Saitta

cc:    Glenn M. Machado, Bar Counsel
       Ryan R. West
       Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Board
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, United States Supreme Court